IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN J. RODRIGUEZ,

    Plaintiff,

v.                                                     CV 13-0344 WPL/RHS

CITY OF GRANTS, NEW MEXICO;
GRANTS POLICE OFFICER MOSES
MARQUEZ, individually; GRANTS
POLICE OFFICER ADRIAN ROANE,
individually; COUNTY OF CIBOLA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before me on the Motion to Dismiss filed by the County of Cibola ("the County") (Doc. 12), the Amended Motion for Leave to Amend the Complaint filed by Ryan J. Rodriguez (Doc. 31), and the responsive filings thereto. Having considered the motions and the relevant law, and being otherwise fully advised in these matters, I grant the County's motion to dismiss and deny the previously unaddressed portions of Rodriguez's motion for leave to amend.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following well-pleaded facts from Rodriguez's First Amended Complaint are accepted as true for purposes of the motion to dismiss. On April 13, 2010, Rodriguez was arrested for unspecified reasons by Moses Marquez and Adriane Roane, two officers with the City of Grants Police Department. (Doc. 3 at 3.) Although he initially attempted to flee from the officers, Rodriguez eventually stopped and lay down on the ground with his arms outstretched, at which time the officers repeatedly kicked, beat, and Tased him. (*Id.*) Rodriguez suffered a

concussion, broken bones, contusions, bruising, scarring, memory loss, and emotional trauma from the encounter. (*Id.*) Afterwards, the officers took Rodriguez to the City of Grants Police Department and photographed him, then transported him to a juvenile detention facility operated by the County. (*Id.*) Upon his arrival, facility guards and employees did not treat Rodriguez for his injuries, and they did not send him to the hospital until the next day, when it was seen that he was still "disoriented, lethargic, and nonresponsive." (*Id.* at 3-4.)

Rodriguez filed the original complaint in this action on April 12, 2013, almost three years to the day after his arrest. (Doc. 1.) Shortly thereafter, Rodriguez filed his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), naming as Defendants the City of Grants, Marquez and Roane in their individual capacities, the County, the detention facility, and its guards. (Doc. 3.) The First Amended Complaint brings claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act against Marquez, Roane, and the detention facility guards for intentional or negligent conduct, as well as against the City of Grants and the County for their employees' actions under a theory of *respondeat superior*. (*Id.* at 2, 4-5.)

The County thereafter filed its motion to dismiss, alleging several substantive and procedural deficiencies in Rodriguez's claims against it, the detention facility, and the guards. (Doc. 12.) In his response, Rodriguez disputes most of the County's arguments but concedes that the detention facility and guards are improper parties and that his claims under the New Mexico Tort Claims Act should be dismissed. (Doc. 19.) The County's reply brief highlights these concessions and reiterates its earlier arguments. (Doc. 24.)

After briefing was completed with respect to the County's motion to dismiss, Rodriguez moved for leave to amend his complaint a second time. (Doc. 31.)[1] The City of Grants, Marquez, and Roane did not file a response, and I interpret their silence as consent to grant Rodriguez's motion for leave to amend. *See* D.N.M.LR-Civ. 7.1(b). However, the County opposes the motion—at least with respect to Rodriguez's claims against it—on grounds that the proposed changes would fail to state a proper claim against the County and would therefore be futile. (Doc. 36.) Rodriguez did not file a reply brief.

I granted Rodriguez's motion for leave to amend insofar as it sought to dismiss the detention facility and its guards from this action. (Doc. 33.) However, I deferred ruling on the remainder of that motion in light of the County's pending motion to dismiss. (*Id.* at 2-3.) Both motions are now before me.

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. Without weighing the evidence, the court must evaluate whether it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n] -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations omitted). In considering Rule 12(b)(6) motions, courts must look within the four corners of the complaint, accept all well-pleaded factual allegations as true, and determine if the

---

[1] This motion superseded two earlier motions filed by Rodriguez. (*See* Doc. 33 at 3.) Although Rodriguez filed a Notice of Completion of Briefing as to his active motion seeking leave to amend, the Notice appears to indicate some confusion on his part as to which briefs were responsive to which motions. (Doc. 43.) Suffice to say that the earlier motions for leave to amend and the responsive filings thereto have already been found to be moot. (Doc. 33 at 3.)

plaintiff is plausibly entitled to relief. *Id.* at 678-79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). While a complaint need not include "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The factual allegations must also suffice to "inform the defendants of the actual grounds of the claim against them," with the degree of specificity required depending on the nature of the complaint. *Robbins*, 519 F.3d at 1248 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Rule 15(a)(2), which governs Rodriguez's motion for leave to amend his complaint, provides that courts "should freely give leave [to amend] when justice so requires." However, courts do not abuse their discretion in denying leave to amend if such denial is based on the futility of the proposed amendment, among other reasons. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

<div align="center">**DISCUSSION**</div>

**I.    Surreply to Motion to Dismiss**

After the County filed its reply with respect to its motion to dismiss (Doc. 24), Rodriguez filed his own "Response to Defendant County of Cibola's Reply" (Doc. 27). The latter document constitutes a surreply, which may only be filed with leave of the Court. D.N.M.LR-Civ. 7.4(b). Moreover, the surreply does not add anything of substance to the arguments Rodriguez raises in his response to the motion to dismiss. Accordingly, Rodriguez's "Response to Defendant County of Cibola's Reply" is hereby stricken from the record.

## II.  Claim Under the New Mexico Tort Claims Act

The County argues that Rodriguez's claim against it under the New Mexico Tort Claims Act, N.M. STAT. ANN. § 41-4-1 *et seq.*, was brought after the expiration of the two-year statute of limitations governing such claims. (*See* Doc. 12 at 6-7 (citing N.M. STAT. ANN. § 41-4-15(A)). In his response, Rodriguez waives his claims under the Act and expresses a wish to amend his complaint to indicate that this action is brought only under § 1983. (Doc. 19 at 3.)

Having reviewed the filings and the docket, I observe that Rodriguez's allegations in his First Amended Complaint arise from his arrest of April 13, 2010 (*see* Doc. 3 at 3-4), and that his original complaint was filed on April 12, 2013 (*see* Doc. 1). Taking the allegations in the First Amended Complaint as true, Rodriguez's claim would have accrued on April 13, 2010, and therefore any action against the County under the New Mexico Tort Claims Act would be time-barred as of April 13, 2012. *See* N.M. STAT. ANN. § 41-4-15(A). Thus, Rodriguez's claims against the County under the New Mexico Tort Claims Act must be dismissed.

## III.  Claim Under Section 1983

Rodriguez's remaining claim against the County is brought under 42 U.S.C. § 1983. (*See* Doc. 3 at 3-5.) As a procedural matter, the County contends that Rodriguez should have brought his claim against the Board of County Commissioners rather than the County itself. (Doc. 12 at 4.) The County also argues that Rodriguez's § 1983 claim must fail because it is only brought under a theory of *respondeat superior* and because Rodriguez does not allege the violation of a governmental policy, practice, or custom. (*Id.* at 4-5.) Rodriguez concedes the procedural error but insists that his claim satisfies Rule 8(a)'s requirements as pleaded. (Doc. 19 at 2.)

Although a county and other local governmental entities may be held liable for constitutional violations in an action brought under § 1983, such liability cannot be premised on

a theory of *respondeat superior* or vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978); *see also Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007) (citations omitted). Rather, to succeed in a § 1983 claim against a local governmental entity, a plaintiff must show both (1) that his harm was caused by a constitutional violation, and (2) that the entity caused this violation through its own actions. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *Trigalet v. City of Tulsa, Okla.*, 239 F.3d 1150, 1153-55 (10th Cir. 2001). The second prong of this test is only successfully pleaded if the plaintiff alleges facts showing the existence of a particular custom or policy, the requisite state of mind for the underlying constitutional violation, and a direct causal link between the custom or policy and the alleged violation. *See Dodds v. Richardson*, 614 F.3d 1185, 1202, 1204 (10th Cir. 2010) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 405 (1997)).

Rodriguez claims that the juvenile detention facility guards' conduct constituted an intentional or negligent deprivation of constitutional rights subjecting the County to § 1983 liability "as the employer of [the guards]." (*See* Doc. 3 at 4-5.) Rodriguez does not allege that any custom or policy was directly linked to the alleged constitutional violation. Instead, Rodriguez identifies the County as "the employer[]" of the guards and says that it is therefore "responsible for their conduct under the doctrine of Respondeat Superior[] with regard to claims brought herein under 42 U.S.C. § 1983." (*Id.* at 2.) In other words, regardless of whether he named the proper entity, Rodriguez's claim is clearly brought on the sole theory of *respondeat superior*, for which a county may not be liable under § 1983. *See Monell*, 436 U.S. at 690-95. Accordingly, this claim must be dismissed.

### IV. Leave to Amend

In attempting to file his Second Amended Complaint, Rodriguez seeks to make three changes to the active pleading. First, he wishes to plead all claims previously brought against the County, the detention facility, and its guards as against "Board of County Commissioners of the County of Cibola, State of New Mexico." (Doc. 31 at 2.) Second, he proposes naming Marquez and Roane as Defendants in both their individual and official capacities. (*Id.* at 2.) Finally, he asks to remove all references to the New Mexico Tort Claims Act, *respondeat superior*, and negligence "except as to the negligent supervision of the Juvenile Detention Facility employees by the Board of County Commissioners." (*Id.*)

To the extent that Rodriguez now seeks to bring his claims against Marquez and Roane in their official capacities, such claims would equate to claims against the City of Grants, which is already a party to this action. *See Brandon v. Holt*, 469 U.S. 464, 471-73 (1985) (citations omitted). In other words, adding Marquez and Roane as Defendants in their official capacity would change nothing about this case and would therefore be futile. *See Cimino v. Glaze*, 228 F.R.D. 169, 171-72 (W.D.N.Y. 2005).

Despite Rodriguez's request to remove references to the New Mexico Tort Claims Act "except as to the negligent supervision" of detention facility guards by the County, it appears from the proposed Second Amended Complaint that Rodriguez is actually seeking to bring his negligent supervision claim under § 1983 rather than the Act. (*See* Doc. 31 Ex. 1 at 2, 4.)[2] The Tenth Circuit treats negligent supervision claims under § 1983 in the same manner as negligent training claims. *See Whitewater v. Goss*, 192 F. App'x 794, 797 (10th Cir. 2006) (unpublished).

---

[2] Out of an abundance of caution, however, I note that any attempt by Rodriguez to bring this claim under the New Mexico Tort Claims Act would be futile due to the expiration of the Act's statute of limitations as discussed earlier.

To bring such a claim, a plaintiff must allege deliberate indifference to his rights such that this shortcoming is the equivalent of a policy or custom. *See id.*; *see also, e.g.*, *Bell v. City of Topeka, Kan.*, 496 F. Supp. 2d 1182, 1194 (D. Kan. 2007) (citing *Whitewater*, 192 F. App'x at 797). However, a conclusory statement that the County "negligently supervised the employees" of the detention facility, without further allegations, will not do. *See Iqbal*, 556 U.S. at 678 (citations omitted). Rodriguez has not alleged any deficiencies in the County's supervision of the guards sufficient to plausibly claim deliberate indifference rising to the level of a policy or custom. *Cf. Bell*, 496 F. Supp. 2d at 1194-95 ("[A]n isolated instance of police misconduct without more is not sufficient to raise as a fact issue whether the alleged constitutional violation was caused by the City's failure to . . . supervise, or by any other official act or omission" (quoting *Cowdrey v. City of Eastborough*, 730 F.2d 1376, 1379 (10th Cir. 1984))).

Because Rodriguez's revised § 1983 claim against the County, if allowed, would fail to state a claim, this proposed amendment would be futile. Further, the proposal to change the name of the County to "Board of County Commissioners of the County of Cibola" would likewise be futile since no other claims against the County are pleaded. For these reasons, and in light of the futility of adding claims against Marquez and Roane in their official capacities, the portion of Rodriguez's motion for leave to amend his complaint that has not already been resolved (*see* Doc. 33) is denied.

## CONCLUSION

For the foregoing reasons, the County of Cibola's Motion to Dismiss (Doc. 12) is GRANTED, Rodriguez's surreply thereto (Doc. 27) is STRICKEN from the record, and the remaining portion of Rodriguez's Amended Motion for Leave to Amend the Complaint (Doc.


31) is DENIED. As such, all claims against the County of Cibola are dismissed with prejudice, and that party is hereby dismissed from this action.

    IT IS SO ORDERED.

/s/ William P. Lynch
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.