# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RYAN J. RODRIGUEZ,

       Plaintiff,

v.                                     CV 13-0344 WPL/RHS

CITY OF GRANTS, NEW MEXICO; GRANTS
POLICE OFFICER MOSES MARQUEZ, individually;
GRANTS POLICE OFFICER ADRIAN ROANE,
individually,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before me on the Motion to Dismiss filed by the City of Grants ("the City") (Doc. 46). Having considered the filings and the relevant law, and being otherwise fully advised in these matters, I grant in part and deny in part the City's motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

The following well-pleaded facts from Rodriguez's First Amended Complaint are accepted as true for purposes of the motion to dismiss. On April 13, 2010, Rodriguez was arrested for unspecified reasons by Moses Marquez and Adriane Roane, two officers with the City of Grants Police Department. (Doc. 3 at 3.) Although he initially attempted to flee from the officers, Rodriguez eventually stopped and lay down on the ground with his arms outstretched, at which time the officers repeatedly kicked, beat, and Tased him. (*Id.*) Rodriguez suffered a concussion, broken bones, contusions, bruising, scarring, memory loss, and emotional trauma from the encounter. (*Id.*) Afterwards, the officers took Rodriguez to the City of Grants Police

Department and photographed him, then transported him to a juvenile detention facility operated by the County of Cibola, New Mexico. (*Id.*)

Rodriguez filed the original complaint in this action on April 12, 2013, almost three years to the day after his arrest. (Doc. 1.) Shortly thereafter, Rodriguez filed his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), naming as Defendants the City of Grants, Marquez and Roane in their individual capacities, and other Defendants that have already been dismissed from this action. (Doc. 3; *see also* Doc. 33; Doc. 44.) The First Amended Complaint brings claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act against Marquez and Roane for intentional or negligent conduct and against the City of Grants for its employees' actions under a theory of *respondeat superior*. (*Id.* at 2, 4-5.)

The City now moves for leave to dismiss Rodriguez's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Rodriguez fails to state a claim against it under 42 U.S.C. § 1983. (Doc. 46.) Rodriguez did not timely file a response brief, thereby consenting to the granting of this motion. *See* D.N.M.LR-Civ. 7.1(b).

## DISCUSSION

### I.    Conversion to Motion for Judgment on the Pleadings

As a preliminary matter, I observe that the City's motion to dismiss under Rule 12(b)(6) is technically untimely. Rule 12(b) requires that any motion asserting a defense under that provision be made "before pleading"—in other words, before the movant files its answer. However, the City filed an answer to the First Amended Complaint on July 31, 2013 (Doc. 5), almost four months before filing the instant motion.

That said, Rule 12(h)(2) allows the Court to consider a defense of failure to state a claim in a motion for judgment on the pleadings under Rule 12(c). Unlike a Rule 12(b)(6) motion, a

motion for judgment on the pleadings may be raised after the pleadings are closed, as long as consideration of the motion would not delay trial. *See* FED. R. CIV. P. 12(c). In this case, discovery remains open, and a trial setting has not yet been confirmed. Accordingly, consideration of the motion on the merits will not delay trial, and conversion of this motion to one for judgment on the pleadings is proper. *See, e.g.*, *M & M Fuel Co., Inc. v. United States*, No. 90-1136-K, 1991 WL 12875, at *1 (D. Kan. Jan. 29, 1991) (unpublished) (citing *Brisk v. City of Miami Beach*, 709 F. Supp. 1146, 1147-48 (S.D. Fla. 1989)).

## II.     Legal Standard

A motion for judgment on the pleadings that raises a defense of failure to state a claim upon which relief may be granted is reviewed under the same standards as a Rule 12(b)(6) motion to dismiss. *See Nelson v. State Farm Mut. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Accordingly, I must look within the four corners of Rodriguez's complaint, accept all well-pleaded factual allegations as true, grant all reasonable inferences from the pleadings in Rodriguez's favor, and determine if Rodriguez is entitled to relief with respect to the challenged claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Rodriguez's complaint must make it plausible, and not merely possible, that he is entitled to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

While a complaint need not include detailed factual allegations, any allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The factual allegations must also suffice to "inform the defendants of the actual

grounds of the claim against them," with the degree of specificity required depending on the nature of the complaint. *Robbins*, 519 F.3d at 1248 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.    Analysis

The City first argues that Rodriguez's § 1983 claims must fail because they were brought under an express theory of *respondeat superior*. (Doc. 46 at 2-3.) As I stated in my previous Memorandum Opinion and Order (Doc. 44), § 1983 liability against a local governmental entity may not be premised on a theory of *respondeat superior* or vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978); *see also Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007) (citations omitted). Instead, a plaintiff must show both (1) that his harm was caused by a constitutional violation, and (2) that the local governmental entity caused this violation through its own actions. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *Trigalet v. City of Tulsa, Okla.*, 239 F.3d 1150, 1153-55 (10th Cir. 2001). The second prong of this test is only successfully pleaded if the plaintiff alleges facts showing the existence of a particular custom or policy, the requisite state of mind for the underlying constitutional violation, and a direct causal link between the custom or policy and the alleged violation. *See Dodds v. Richardson*, 614 F.3d 1185, 1202, 1204 (10th Cir. 2010) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 405 (1997)).

Here, Rodriguez's First Amended Complaint makes no mention of any purported City custom or policy and does not state that any such custom or policy was directly linked to the alleged constitutional violation. Instead, Rodriguez simply alleges that the City, as the "employer[]" of Marquez and Roane, was "responsible for their conduct under the doctrine of

Respondeat Superior[] with regard to claims brought herein under 42 U.S.C. § 1983." (Doc. 3 at 2.) Because a § 1983 claim cannot be premised on *respondeat superior* liability, the § 1983 claim against the City cannot survive on this theory.

The City also addresses the possibility that Rodriguez's claim against it could be construed as a negligent supervision claim under § 1983. (Doc. 46 at 3.)[1] As I have previously observed (Doc. 44 at 7-8), such a claim is considered under the same standards as a negligent training claim, which requires the plaintiff to allege deliberate indifference to his rights such that this shortcoming is the equivalent of a policy or custom. *See Whitewater v. Goss*, 192 F. App'x 794, 797 (10th Cir. 2006) (unpublished); *see also, e.g.*, *Bell v. City of Topeka, Kan.*, 496 F. Supp. 2d 1182, 1194 (D. Kan. 2007) (citing *Whitewater*, 192 F. App'x at 797).

In *Barney v. Pulsipher*, the Tenth Circuit examined the deliberate indifference standard in the context of a negligent training § 1983 case and reasoned that

> [t]he deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. In most instances, notice can be established by proving the existence of a pattern of tortious conduct. In a narrow range of circumstances, however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations.

143 F.3d 1299, 1307-08 (10th Cir. 1998) (internal citations and quotation marks omitted).

In this case, Rodriguez does not allege a pattern of tortious conduct, and he does not

---

[1] In seeking leave to amend his complaint a second time, Rodriguez attempted to bring some of his claims under this theory. (Doc. 31 Ex. 1.) As noted previously, Rodriguez was not allowed leave to file his Second Amended Complaint. (Doc. 44.) Moreover, it is doubtful that Rodriguez's allegations in his First Amended Complaint sufficiently put the City on notice that such a claim is brought. However, because the City raises this issue, I will address the possibility that a claim has been raised under not this theory out of an abundance of caution.

claim that the alleged violations here were a predictable or obvious consequence of any action or inaction on the City's part. Consequently, there is no allegation of actual or constructive notice to the City that its action or failure to act was substantially certain to result in the alleged constitutional violations. Nor is there any allegation that the City consciously or deliberately chose to disregard any risk of such harm. As such, Rodriguez has not sufficiently alleged any deliberate indifference on the City's part, let alone deliberate indifference rising to the level of a policy or custom. Any claim of negligent supervision under § 1983 would therefore fail.

### IV.     Relief

Because Rodriguez has failed to state a claim against the City under § 1983, the City asks that I dismiss it from this action. (Doc. 46 at 3.) However, such an action would be premature, as Rodriguez brings his claims against the City under both § 1983 and the New Mexico Tort Claims Act, N.M. STAT. ANN. § 44-4-1 *et seq.* (Doc. 3 at 2.) Although Rodriguez has previously agreed to the dismissal of claims he brought pursuant to the Tort Claims Act, he has only done so with respect to other Defendants. (*See* Doc. 19 at 3; Doc. 48.) I recognize that even if any claim against the City under the Tort Claims Act remains cognizable, such a claim is likely time-barred by the two-year statute of limitations. *See* N.M. STAT. ANN. § 44-4-15. However, because this question has not been briefed by the parties, I decline to reach a decision on the matter at this time.

### CONCLUSION

For the foregoing reasons, the City of Grants's Motion to Dismiss is granted in part and denied in part, and all claims brought against that Defendant under 42 U.S.C. § 1983 are dismissed with prejudice.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.