IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN RODRIGUEZ,

    Plaintiff,

v.                                          CV 13-344 WPL/SCY

CITY OF GRANTS, NEW MEXICO,
Grants Police Officer MOSES MARQUEZ,
Individually, Grants Police Officer ADRIAN
ROANE, Individually, et al.,

    Defendants.

**ORDER**

By all accounts, April 13, 2010, was an eventful day for Ryan Rodriguez. Ryan, sixteen years old and a methamphetamine addict with outstanding warrants, was driving by the Grants, New Mexico police station when a police officer recognized him and attempted to stop him. When the officer turned on his vehicle's emergency lights, Ryan, who described himself as "high as fuck" and "kind of blurry" at this point, led several police cars on a high speed chase, sometimes driving against traffic in an attempt to escape, ignoring his passengers' pleas to slow down or stop. The car chase ended after Ryan crossed some railroad tracks, when his car hit gravel and began to fishtail. After stopping, Ryan ran from his car and a police officer gave chase. As Ryan was attempting to escape, he was struck by something and fell to the ground. Ryan claims he was hit and kicked while on the ground and later received stitches to the back of his head. Ryan was arrested and subsequently pled guilty to leading the police on the high speed chase.

Ryan filed suit against a number of Defendants, and the claims against the other Defendants have already been dismissed, as have all claims under the New Mexico Tort Claims Act. At issue now are Ryan's remaining claims that Grants Police Officers Moses Marquez and Adrian Roane used excessive force while arresting him and failed to obtain prompt medical care to treat his injuries. Officers Marquez and Roane have moved to dismiss Ryan's Amended Complaint, arguing that they are entitled to qualified immunity or alternatively to summary judgment on Ryan's claims against them. (Doc. 60.) Because Defendants attached matters outside the pleadings to their motion, I notified Ryan that I would convert the motion to dismiss to a motion for summary judgment.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). When a defendant raises a qualified immunity defense, the plaintiff must show facts or allegations that establish "both that the defendant's alleged conduct violated the law and that [the] law was clearly established when the alleged violation occurred." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988) (citation omitted). If the plaintiff meets this two-part inquiry, the defendant assumes the normal summary judgment burden of establishing that no material facts exist that would defeat his claim for qualified immunity. *Woodward v. City of Worland*, 977 F.2d 1392, 1396-97 (10th Cir. 1992).

Allegations of excessive force are analyzed under the Fourth Amendment's "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). "The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether

the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396 (citation omitted). Proper application of the reasonableness inquiry also "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*; *see also Williams v. Berney*, 519 F.3d 1216, 1221 (10th Cir. 2008) (citation omitted) (listing these and other possible factors). If the facts, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right, then the court must examine whether the right was clearly established so that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Because I consider Defendants' motion as one for summary judgment, I must view the facts and the reasonable inferences from the facts in the light most favorable to Ryan, the nonmoving party. *Cortez v. McCauley*, 479 F.3d 1108, 1126 (10th Cir. 2007). Both Ryan and Defendants have made allegations concerning the facts that are not supported by the evidence presented (primarily, Ryan's deposition and the affidavit of Officer Marquez). For example, Ryan denies in his Response that during the car chase he was having fun, that he was driving against the flow of traffic and that his passengers were screaming at him to stop. Yet, Ryan readily admitted in his deposition that he was "hauling ass," that he "was having fun," that his passengers were "screaming, 'Slow the fuck down!'" and that he drove "against traffic." Not to be outdone, Defendants deny striking Ryan in the back of the head or kicking or beating him. In

3

his affidavit, however, Officer Marquez neither admits nor denies that Defendants struck, kicked or beat Ryan; he simply never addresses this part of the incident.

When a motion for summary judgment is made and supported as provided in Federal Rule of Civil Procedure 56, the adverse party may not rest upon mere allegations or denials but must submit affidavits or other evidence that is more than simply "speculation, conjecture or surmise." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Bones v. Honeyville Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004)). When a party fails to submit specific and affirmative evidence, whether by affidavit or as otherwise provided in Rule 56, to demonstrate a genuine issue of material fact exists, summary judgment is appropriate. *Island Software & Computer Serv., Inc. v. Microsoft*, 413 F.3d 257, 261-62 (2d Cir. 2005); *Pine Ridge Coal Co. v. Local 8377, United Mine Workers of Am.*, 187 F.3d 415, 421-22 (4th Cir. 1999). Although Ryan identified in his Response certain individuals and documents that might support his claim (*i.e.,* a body shop owner and neighbor, a statement he gave to Defendants' investigator and medical records), he failed to submit any affidavits or declarations and further did not contend that he could not present facts essential to justify his opposition to Defendants' motion. *See* FED. R. CIV. P. 56(d).

Relying upon a Sixth Circuit case, Defendants argue that they are entitled to summary judgment because Ryan has no recollection of what happened, was hallucinating during the event, and has no personal knowledge of what occurred, so he cannot dispute Officer Marquez's testimony. *See Wyson v. City of Heath*, 260 F. App'x 848, 856-57 (6th Cir. 2008) (unpublished). This is not a fair characterization of Ryan's testimony. While he initially testified that he did not remember the incident, and some of his testimony reflects that Ryan may have been hallucinating at times during the car chase and its aftermath, he also testified that the incident "came back to" him and that he was able to remember some details about what happened. In

*Wyson*, in contrast, the plaintiff testified unequivocally that he was in diabetic shock and he had no conscious memory of what occurred in his interaction with the police. *See id*. at 851. *Wyson* is distinguishable and does not compel entry of summary judgment for Defendants.

There are some disputes about what happened that day, but the disputes are not material. *See Est. of Larsen v. Murr*, 511 F.3d 1255, 1261 (10th Cir. 2008) (noting that a plaintiff must establish a genuine issue of material fact and that courts will not consider disputes of immaterial facts). One major dispute that must be resolved in Ryan's favor concerns how the car chase ended. Officer Marquez stated that the car chase ended when Ryan's vehicle hit the side of a drainage ditch, which ejected Ryan from the car. In contrast, Ryan stated that he parked the car after he crossed the railroad tracks and the car fishtailed on gravel. Ryan did not dispute that he led the police on a high-speed chase, or that he was running away, pulling his white sweater off to help him elude capture, when he was struck and knocked face down on the ground. Ryan claims he was hit and kicked while on the ground. Ryan has no recollection of what happened after getting knocked to the ground, other than he seemed to be choking on blood and dirt and asked the officers if he could get some water. Ryan does not dispute that he lost consciousness during the incident, so he is unable to dispute Officer Marquez's testimony about what happened next. Officer Marquez told Ryan he was under arrest and attempted to handcuff Ryan. Ryan's hands were underneath him at his waistband, and when Ryan continued to refuse Marquez's commands to produce his hands to be handcuffed, Officer Marquez tased him because he feared that Ryan might have a weapon. Ryan eventually allowed himself to be handcuffed, and a pipe and plastic baggies were found either in his front pocket or in his vehicle. Although Ryan claims in his Amended Complaint that he sustained a concussion, broken ribs and permanent scarring in the incident, hospital records disclose that he sustained a laceration to the back of his head and

5

swollen lip, and Ryan testified that all he remembered was receiving stitches to the back of his head.

The right to make an arrest necessarily carries with it the right to use some degree of physical force or threat of force to make it. *Graham*, 490 U.S. at 396. The amount of force that may be used depends upon the facts of the case. For example, the Supreme Court has recently held that an officer was justified in using deadly force to apprehend a suspect when the officer had probable cause to believe that the suspect posed a threat of physical harm to others when he continued to flee from the police. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2021-22 (2014) (holding that police officers acted reasonably in using deadly force to terminate a high-speed car chase); *see also Brosseau v. Haugen*, 543 U.S. 194, 200 (2004) (per curiam) (finding that police officers' use of deadly force to prevent the escape of a suspect who posed a threat of serious physical harm to others did not violate clearly established law); *Davis v. McCarter*, 569 F. Supp. 2d 1201, 1206-07 (D. Kan. 2008) (holding that a police officer's use of deadly force to apprehend a suspect who continued to flee from the police while armed was justified). On the other hand, it is well established that an officer may not strike or batter a suspect who is not resisting arrest and is cooperative with the officer's commands. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008); *Dixon v. Richer*, 922 F.2d 1456, 1463 (10th Cir. 1991).

Assuming that Defendants hit and kicked Ryan in an attempt to subdue him and handcuff him, Defendants' conduct did not violate Ryan's Fourth Amendment rights because they were entitled to use such force under the circumstances. Ryan made a decision to lead the police on a dangerous high-speed car chase, and he compounded the situation by fleeing on foot from the officers and failing to cooperate with lawful commands after he was caught. Because Ryan would not allow himself to be handcuffed, he continued to pose an immediate threat to the safety

of the officers and others. Police may use substantial force on suspects who resist arrest in the manner in which Ryan did. *See Yadon v. Hilton*, 516 F. App'x 694, 695 (10th Cir. 2013) (unpublished); *Wyson*, 260 F. App'x at 854-55 (citing, *e.g.*, *Burchett v. Kiefer*, 310 F.3d 937, 940, 943 (6th Cir. 2002)); *Hinton v. City of Elwood*, 997 F.2d 774, 781 (10th Cir. 1993). The actions of Defendants were objectively reasonable in light of the facts and circumstances confronting them that day. Ryan has failed to establish that Defendants violated his constitutional rights, and Defendants are entitled to summary judgment on this issue.

Alternatively, Defendants are entitled to summary judgment because Ryan failed to demonstrate that Defendants personally participated in the alleged constitutional violation. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."); *Jenkins v. Wood*, 81 F.3d 988, 994-96 (10th Cir. 1996). Ryan never identified who hit or kicked him, and admitted during his deposition and in his Response that he did not know which injuries were inflicted upon him by which officer. Ryan also stated "I'm responsible" and seemed to exonerate each officer from liability. When asked what Officer Marquez did wrong, Ryan stated that he did not know and that Officer Marquez was just doing his job. Ryan also stated that he did not know what Officer Roane did wrong.

Ryan's final claim is that Defendants did not provide prompt medical attention for his injuries. Neither Ryan nor Defendants cited any authority on this issue. The Due Process Clause of the Fourteenth Amendment requires that police must provide medical care to individuals who have been injured while being apprehended by the police. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). This duty is fulfilled, however, by promptly summoning the necessary medical help or by taking the suspect to the hospital. *Id*. at 245; *Tatum v. City and Cnty. of S. F.*,

441 F.3d 1090, 1099 (9th Cir. 2006); *Wilson v. Meeks*, 52 F.3d 1547, 1555-56 (10th Cir. 1995) (distinguishing medical aid from first aid and finding that an officer who promptly summoned medical help did not fail to provide first aid). Ryan has failed to show that an issue of fact exists on this claim. Officer Marquez testified that an ambulance was called to treat Ryan's abrasions and that Ryan was transported to Cibola General Hospital. He attached medical records from Cibola General Hospital which reflect that Ryan arrived for treatment at 2:50 a.m. on April 14, 2010. Ryan stated only that he did not remember being seen by paramedics and that he went to the hospital that night or the next day. Because it was objectively reasonable for Defendants to summon medical care for Ryan and transport him to the hospital, Defendants are entitled to summary judgment on this claim also.

Defendants' motion for summary judgment is granted, and Ryan's claims against Officers Marquez and Roane are dismissed with prejudice.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.